
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  vs.<br><br>$26,916.00 IN U.S. CURRENCY,<br><br>       Defendant.<br><br>TIMOTHY BAKER,<br><br>       Claimant. | NO. CV 12-08426 DDP (JCx)<br><br>CONSENT JUDGMENT OF FORFEITURE |

cc: FISCAL

1

Plaintiff and Claimant Timothy Baker ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety. The defendant currency was seized from Claimant, and he asserts an interest in the defendant currency and has filed a claim in this case and answered the complaint. No other claims or answers were filed, and the time for filing claims and answers has expired. No other person is believed to have any claim to the defendant currency.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS ADJUDGES AND DECREES:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Other than those filed by Timothy Baker, no claims or answers have been filed to contest the forfeiture of the defendant currency, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant currency. Any potential claimants to the defendant currency other than Claimant are deemed to have admitted the allegations of the complaint with respect to the defendant currency.

2. $10,000.00 of the defendant U.S. Currency, without interest, shall be returned to Claimant through his counsel. The United States Marshals Service shall return the defendant $10,000.00 to claimant not later than 45 days after (a) the

court enters this Consent Judgment and (b) Claimant provides to the government the bank routing and personal identifiers needed to effect a wire transfer of the funds, whichever is later.

3. The government shall have judgment against the interests of Claimant (and any potential claimants) as to the remaining $16,916.00 of the defendant U.S. currency, which asset is hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein. The government shall dispose of the forfeited asset according to law.

4. Claimant has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation ("FBI"), as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant currency and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

5. The court finds that there was reasonable cause for the seizure of the defendant currency and the institution of this action as to the defendant currency. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant currency.

///

     6.   Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant currency.

     7.   The Motion to Strike (docket number 15) is vacated.

DATED: August 14, 2013

*[signature: Dean D. Pregerson]*

          THE HONORABLE DEAN D. PREGERSON
          UNITED STATES DISTRICT JUDGE

Prepared by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section